Rory C. Quintana (SBN 258747)
QUINTANA HANAFI, LLP
870 Market St., Ste. 819
San Francisco, CA 94102
Telephone: (415) 504-3121
Fax: (415) 233-8770
rory@qhplaw.com

*Attorney for Plaintiff Dianna Jouan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIANNA JOUAN,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE LELAND STANFORD JR. UNIVERSITY** a California corporation; and **DOES 1 through 10**, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF FAMILY MEDICAL LEAVE ACT (29 U.S.C. § 2615); RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT (CAL. GOV'T CODE § 12940); AND, DEFAMATION.**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff DIANNA JOUAN (herein "Plaintiff" or "JOUAN"), for claims for relief against Defendant THE LELAND STANFORD JUNIOR UNIVERSITY (herein "Defendant" or "STANFORD") alleges:

**NATURE OF THIS ACTION**

1.     This is an action for relief from Defendants' violations of the Family Medical Leave Act (herein "the FMLA"), the California Government Code, and the California Civil Code.

2.     Plaintiff is an individual who was eligible for FMLA leave who had requested FMLA leave. Defendants harassed and retaliated against Plaintiff following her return from FMLA leave.

COMPLAINT FOR DAMAGES

3.      Plaintiff seeks compensatory, liquidated, general and punitive damages, reasonable attorneys' fees, and costs, as well as other appropriate relief as determined by this court, for Defendants' violations of his rights.

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

5.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims occurred in this District.

6.      Pursuant to Northern District Local Rule 3-2 (c) & (e) this action should be assigned to San Jose, California, as the actions giving rise to Plaintiff's claims took place in Santa Clara County.

7.      On or about June 8, 2022, Plaintiff received a right-to-sue letter from the Department of Fair Employment and Housing. A true and correct copy of this letter is attached hereto as Exhibit A.

### PARTIES

8.      Plaintiff is a U.S. citizen and a resident of Santa Clara County in this judicial district.

9.      Plaintiff is informed and believe and based thereon alleges that Defendant is a California corporation, headquartered at 450 Jane Stanford Way, Bldg. 10, Stanford, CA 94305, and licensed to do business in California under Entity Number 1264149.

10.     Plaintiff began working for Defendant on or about February 1, 2004

11.     At the time that she took leave, Plaintiff was an otherwise qualified person within the meaning of the Family Medical Leave Act ("FMLA").

12.     Plaintiff worked for Defendant in excess of one year, and in excess of 1,250 hours in the year immediately prior to requesting leave in 2021.

13.     Plaintiff is informed and believes and based thereon alleges that Defendant is an employer as defined by 29 C.F.R. §825.104, as it is engaged in commerce or activity affecting commerce and employs fifty or more people.

COMPLAINT FOR DAMAGES

14.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 10 and therefore sue those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of those fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

15.     Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were, at all times relevant to this action, the agents, employees, representing partners, supervisors, managing agents, joint venturers, joint employers of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants. Defendants are sued both in their own right and on the basis of *respondeat superior*.

**FACTS COMMON TO ALL CAUSES OF ACTION**

16.     Plaintiff began her employment as the Curriculum Manager with Defendant's Office of Medical Education.

17.     Plaintiff is currently employed by Defendant and her current position is Associate Director of Finance and Administration, a position she has held since approximately June 2018.

18.     On or about February 17, 2021, Plaintiff requested protected leave pursuant to the FMLA and took that leave from February 22, 2021 through March 7, 2021.

19.     On or about March 8, 2021, Plaintiff returned to work with an accommodation limiting her work hours to twenty per week for the first two weeks of her return to work.

20.     Despite these accommodations being "approved," upon her return, Plaintiff's supervisor Director of Finance and Administration for the Department of Radiology, Yun-Ting Yeh, presented Plaintiff with a workload far exceeding her approved twenty-hour workweek accommodation.

21.     On or about March 16, 2021, Plaintiff informed Ms. Yeh that she would need hip surgery in the future and would need to take further leave.

COMPLAINT FOR DAMAGES

22.     In or around the end of March 2021, Ms. Yeh gave Plaintiff negative feedback for the first time in Plaintiff's long tenure working for Defendant. The feedback provided by Ms. Yeh was specifically that two of Plaintiff's direct reports who had resigned complained about Plaintiff during their exit interviews. However, Ms. Yeh was forced to later admit that the direct reports had not actually complained about Plaintiff.

23.     On or about May 3, 2021, Ms. Yeh told Plaintiff that "she was not a good fit for Radiology," and asked her to find a new position outside the department.

24.     Thereafter, Plaintiff made repeated efforts to apply for alternative positions, but only days after submitting her applications, she discovered that the status of those applications was listed as "no longer under consideration."

25.     On or about June 28, 2021, Ms. Yeh expressed to Plaintiff that her, "professional future is elsewhere," and that she would be, "performance managed out of the department," if she did not find a new job by September 2021.

26.     On or about July 1, 2021, Plaintiff complained to Defendant's Human Resources (herein "HR") Administrator for the Department of Radiology, Ruth Reyes-Johnson that she had been the victim of hostile treatment and was being retaliated against for taking protected leave.

27.     On or about July 12, 2021, Plaintiff informed Ms. Yeh that she would need to take protected leave for hip surgery. Even though Plaintiff was eligible for protected leave and had previously put off surgery, which would leave her in pain and on pain medication, Ms. Yeh requested that Plaintiff make efforts to work while on leave.

28.     On or about July 20, 2021, Plaintiff complained to Defendant's HR Administrator for the Department of Medicine regarding Ms. Yeh's hostile treatment, including that she had been told that she would be "performance managed out."

29.     Thereafter, on or about July 26, 2021, Ms. Yeh presented Plaintiff with a performance evaluation replete with false statements and three years of negative content, none of which had previously been addressed with Plaintiff. When challenged by Plaintiff with the fact that the review was hostile and failed to note any of her accomplishments, Ms. Yeh stated that she "did not need to hear what [Plaintiff] did well."

4

30.     Prior to the July 26, 2021 review, Ms. Yeh had never provided a written review to Plaintiff.  Moreover, the metadata found within the properties of the performance review reflect that Ms. Yeh did not begin writing the review until approximately July 18, 2021, *after* Plaintiff requested leave for her hip surgery.

31.     On or about July 26, 2021, Ms. Yeh informed Plaintiff would need to make a presentation to senior department and hospital leadership two days later at an 8am meeting.  The following morning, Ms. Yeh contacted Plaintiff and informed her that the presentation likely would not be on the meeting agenda. Later that same day, toward the close of business, Ms. Yeh altered her previous position and informed Plaintiff that the presentation would be on the agenda. Despite the short turnaround and back and forth, Plaintiff provided Ms. Yeh with presentation slides later that evening. Subsequently, less than one hour before the meeting the next morning, Ms. Yeh requested additional data which Plaintiff was unable to provide before the meeting. Thereafter, Ms. Yeh emailed Plaintiff to note that she failed to provide correct data at the meeting and failed to provide the presentation slides in a timely fashion. This email contained untrue statements of fact, in that it stated, "[u]nfortunately, this is not the first instance in which your presentations and analyses tend to be incomplete, contain inaccuracies, and leave the listener thinking the items have not been fully researched or vetted."

32.     On or about July 28, 2021, Plaintiff again complained to Ms. Reyes-Johnson regarding Ms. Yeh's expressed desire to performance managing Plaintiff to termination.

33.     On or about August 5, 2021, Plaintiff complained to Defendant's Managing Director of Employee Relations, Dawn Freeman about Ms. Yeh's retaliatory and harassing behavior.

34.     On or about August 9, 2021, Ms. Freeman wrote an email to Plaintiff informing her that Defendant's Employee and Labor Relations Associate, Linda Usoz, would be reaching out to her.

35.     On or about August 17, 2021, Ms. Usoz made initial contact with Plaintiff but did not contact her again until January 31, 2022.

36.     Having not heard from Ms. Usoz, on January 24, 2022, Plaintiff emailed her to complain about a number of issues, including without limitation: (a) Plaintiff did not receive a FY 22 pay increase despite the fact that she did not receive a FY 21 performance evaluation and had never been placed on a performance improvement plan while employed by Defendant; (b) Ms. Yeh unilaterally stopped meeting with Plaintiff after December 13, 2021, despite the fact that she continued to meet on a weekly basis with other directors and had previously had weekly meetings with Plaintiff in the three previous years of working together; (c) Plaintiff's job duties were being transferred to other staff within the Department of Radiology without informing Plaintiff; (d) new staff were hired without her input or knowledge; (e) despite being encouraged to seek a new position, and despite applying to five different positions since May 1, 2021, each and every time Plaintiff applied for a new position, within days or weeks, she would find that her application was listed as "no longer under consideration."

37.     Defendant provided Plaintiff a retroactive pay increase in February 2022 but failed to provide further information about any of her other complaints.

38.     On or about February 24, 2021, Ms. Usoz spoke with Plaintiff for approximately five minutes and stated she could not provide an update at that time.  Thereafter, when Plaintiff attempted to check in with Ms. Usoz on March 18, 2022, she received an automated "out-of-office" reply from Ms. Usoz.

39.     From the date of her return from leave in March 2021 and her second leave from August 2021 through November 1, 2021, Plaintiff was subjected to numerous false statements made about her work by Ms. Yeh, including without limitation, (a) statements about employees leaving because of Plaintiff; (b) misrepresentations about Plaintiff's work on the "ValleyCare" analysis; (c) misrepresenting Plaintiff's work on the FY22 budget; and (d) misrepresenting how Plaintiff responded to questions related to business plans and the budget cycle.

40.     As but one example of the demonstrably untrue statements made by Ms. Yeh about Plaintiff to others, on or about July 23, 2021, Ms. Yeh met with Radiology Accounting Manager Hina Qureshi and the ADFA for Surgery, Matt Bucher. During this meeting Ms. Yeh stated that she wanted to have finance and grants managers reporting to division managers, but

that Plaintiff would not allow it. This statement was false as Plaintiff provided a presentation on April 22, 2020, in which she expressly stated that finance and grants managers should report to division managers. Plaintiff complained about this defamatory statement to Ms. Usoz on or about August 11, 2021.

41.     As another example of demonstrably untrue statements of fact made by Ms. Yeh about Plaintiff, in or around March 2022, Plaintiff was falsely accused of pressuring faculty to sign a Quarterly Financial Certification of Sponsored Researched, which she did not do. The Administrative Assistant to the Chair of the Radiology Department, Jeslyn Rumbold, acknowledged in writing that Plaintiff had not pressured the Chair of the Radiology Department, Dr. Garry Gold, to sign the certification and instead had told him that he did not have to sign the certification.  Even though this was demonstrably untrue, Ms. Yeh told Dr. Gold to "scold" Plaintiff.

42.     Ms. Yeh's continues to harass Plaintiff and make untrue statements about her, despite knowing that this treatment has had an impact on Plaintiff's health and well-being. Despite this knowledge, Defendant has failed to take any steps to remedy Plaintiff's complaints of retaliation and harassment.

## FIRST CAUSE OF ACTION
### Discrimination in Violation of FMLA
### (29 U.S.C. §§2601-2619; 29 U.S.C. §§ 2651-2654)

43.     Plaintiff re-alleges and incorporates by reference all the above paragraphs as if they were set forth here in full.

44.     29 U.S.C. § 2615(a)(2) makes it unlawful for an employer to discharge or in any other manner discriminate against any individual for requesting FMLA leave.

45.     Plaintiff's manager has made repeated efforts to "performance manage" Plaintiff out of her position since she returned from protected leave in March 2021.

46.     By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

COMPLAINT FOR DAMAGES

47.     As a result of Defendants' violations of the FMLA, Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damages.

48.     In addition to attorneys' fees and costs, Plaintiff is also entitled to backpay, liquidated damages, compensatory and punitive damages, pre- and post-judgment interest, and all other relief available under the statutes.

**SECOND CLAIM FOR RELIEF**
**Interference with FMLA Rights**
**(29 U.S.C. §§ 2601-2619; 29 U.S.C 2651-2654)**

49.     Plaintiff re-alleges and incorporates by reference all the above paragraphs as if they were set forth here in full.

50.     The FMLA, 29 U.S.C. §§ 2601-2619; 29 U.S.C. §§ 2651-2654, provides unpaid, job-protected leave for eligible employees for numerous reasons, including for reasons related personal health.

51.     Section 105(a), 29 U.S.C. § 2615, makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise FMLA rights.

52.     Pursuant to her rights under the FMLA, Plaintiff requested protected leave in February 2021 and again in August 2021 and ultimately took protected leave pursuant to those requests.

53.     Following her return from leave in March 2021, and after informing her supervisor that she would need additional leave in August 2021, Plaintiff has been subjected to repeated efforts to "performance manage" her out of her position, including by having false statements made about her abilities in the workplace.

54.     Defendant's actions in refusing to allow Plaintiff to leave without interference, and the efforts to manage her out of her position constitutes unlawful interference with Plaintiff's rights under the FMLA.

55.     By reason of the conduct of Defendant, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

56.     As a result of Defendant's violations of the FMLA, Plaintiff has suffered, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damages.

57.     In addition to attorneys' fees and costs, Plaintiff is also entitled to liquidated damages, compensatory and punitive damages, pre- and post-judgment interest, and all other relief available under the statutes.

**THIRD CLAIM FOR RELIEF**
**Retaliation in Violation of Public Policy**
**(Cal. Gov't. Code § 12940(h))**

58.     Plaintiff re-alleges and incorporates by reference all the above paragraphs as if they were set forth here in full.

59.     Following Plaintiff's use of leave protected by the California Family Rights Act, she has been subjected to repeated efforts to performance manage her out of her position.  She has also been subjected to efforts to prevent her from transferring to a different department and has been subjected to repeated false statements made about her abilities in the workplace.

60.     Plaintiff has repeatedly complained about her supervisors harassing and retaliatory treatment of her and these complaints have been unresolved for approximately 10 months, during which time the harassing and retaliatory treatment by her manager has continued.

61.     As a direct and proximate result of his termination, Plaintiff has suffered, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of job identity, and other damages.

62.     On information and belief, in doing the acts herein alleged, Defendant acted with oppression, malice, and in conscious disregard of Plaintiff's rights and she is therefore entitled to exemplary damages in an amount according to provide at trial.

63.     As a further proximate result of Defendant's conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees and costs according to proof.

///

///

COMPLAINT FOR DAMAGES

## FOURTH CLAIM FOR RELIEF
### Defamation

64.     Plaintiff re-alleges and incorporates by reference all the above paragraphs as if they were set forth here in full.

65.     Defendant knowingly made false statements about Plaintiff including without limitations:

    a.   That two of Plaintiff's direct reports who had resigned complained about Plaintiff during their exit interviews;

    b.   That Plaintiff would "not allow" Ms. yeh to have finance and grants managers reporting to division managers; and

    c.   That Plaintiff pressured faculty to sign Quarterly Financial Certification of Sponsored Research;

66.     Each of the statements above were made by Plaintiff's supervisor Ms. Yeh, and were made to Plaintiff's co-workers, including to Jeslyn Rumbold, Dr. Garry Gold, Hina Qureshi and Matt Bucher.

67.     Defendant failed to use reasonable care to determine the truth or falsity of the statements.

68.     Defendant did not have reasonable grounds for believing the untrue statements to be true.

69.     Defendant's employee, Ms. Yeh, knew the statements were untrue at the time she stated them and she made those untrue statements in the context of wanting to performance manage Plaintiff out of her role in Ms. Yeh's department.

70.     Defendant did not perform an investigation into the truth or falsity of these statements and was therefore reckless in failing to adequately investigate the truth of the untrue statements described above.

71.     Plaintiff suffered damages because of these false statements described above and the statements were a substantial factor in causing those damages.

COMPLAINT FOR DAMAGES

72.    Plaintiff suffered non-economic damages including harm to her personal and professional reputation.

73.    In doing the acts alleged herein, Defendant acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to exemplary damages in an amount according to proof at the time of trial.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this court:

1.    Order Defendant to pay Plaintiff for the wages, salary, employment benefits, pension benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's violations of the law, in an amount to be proven at trial;

2.    Order Defendant to pay Plaintiff compensatory damages for Plaintiff's emotional pain and suffering.

3.    Order Defendant to pay Plaintiff exemplary damages;

4.    Order Defendant to pay Plaintiff liquidated damages;

4.    Order Defendant to pay Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

5.    Order Defendant to pay Plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

6.    Grant such other and further relief as this court may deem proper and just.

### JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.


Dated: June 27, 2022                    Respectfully submitted,

QUINTANA HANAFI, LLP


By: _____
Rory C. Quintana
*Attorney for Plaintiff Dianna Jouan*

COMPLAINT FOR DAMAGES

EXHIBIT A

EXHIBIT A

COMPLAINT FOR DAMAGES

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                 KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 8, 2022

Rory Quintana
870 Market St., Ste. 819
San Francisco, CA 94102

RE:     **Notice to Complainant's Attorney**
         DFEH Matter Number: 202206-17240808
         Right to Sue: Jouan / The Leland Stanford Jr. University

Dear Rory Quintana:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                         GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 8, 2022

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202206-17240808
       Right to Sue: Jouan / The Leland Stanford Jr. University

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 8, 2022

Dianna Jouan
5104 Westmont Ave., Unit 12
San Jose, California 95130

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202206-17240808
        Right to Sue: Jouan / The Leland Stanford Jr. University

Dear Dianna Jouan:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 8, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Dianna Jouan                                               DFEH No. 202206-17240808

                              Complainant,

vs.

The Leland Stanford Jr. University
450 Jane Stanford Way, Bldg. 10
Stanford, CA 94305

                              Respondents

---

**1.** Respondent **The Leland Stanford Jr. University** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Dianna Jouan**, resides in the City of **San Jose,** State of **California.**

**3**. Complainant alleges that on or about **June 8, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was denied hire or promotion, reprimanded, denied any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was denied hire or promotion, reprimanded, denied any employment benefit or

-1-

*Complaint – DFEH No. 202206-17240808*

Date Filed: June 8, 2022

1  privilege, denied work opportunities or assignments, denied or forced to transfer, denied
2  family care or medical leave (cfra).

3  **Additional Complaint Details:** I began working with Stanford on or about February 1, 2004,
   as the Curriculum Manager with the Office of Medical Education. Throughout the eighteen
4  years of my employment with Stanford, I received numerous raises, bonuses and
   promotions, culminating in my current position of Associate Director of Finance and
5  Administration (herein "ADFA"). I achieved the position of ADFA in or around June 2018,
   and through my request for leave on or about February 17, 2021, I received recognition,
6  including raises, spot-bonuses and positive performance reviews, which reflected the
   unequivocally positive perception of my work.
7  From approximately February 22, 2021, until March 7, 2021, I was on protected CFRA
   leave. Thereafter, on or about March 8, 2021, I returned to work with an accommodation
8  limiting my work hours to twenty per week for my first two weeks of work. Despite these
   accommodations being "approved," upon my return, my supervisor, DFA Yun-Ting Yeh
9  (herein "Yeh"), presented me with a workload far exceeding my approved twenty-hour
   workweek accommodation.
10 On March 16, 2021, I proactively informed Ms. Yeh that I may need hip-surgery in the future.
11 Around this time, and still less than one month following my return from protected leave, Ms.
   Yeh gave me negative feedback for the first time; however, the feedback from Ms. Yeh was
12 not based on express complaints. Instead, Ms. Yeh gave me purported negative feedback
   from two of my direct reports who had resigned.  Ms. Yeh later admitted those direct reports
13 had not actually complained about me.
   Even though Ms. Yeh had not actually received negative feedback about me, and despite
14 my positive eighteen-year tenure with Stanford, on or about May 3, 2021, Ms. Yeh informed
15 me that I "was not a good fit for Radiology" and asked me to find a new job outside of the
   department. Thereafter, I made efforts to apply for another position, and applied for two
16 separate DFA positions. However, when I checked the status of my applications just two
   days later, I discovered their status was listed as, "no longer under consideration."
17 On or about June 28, 2021, Ms. Yeh expressed that my "professional future is elsewhere,"
   and that I would be "performance managed out of the department," if I did not find a new job
18 by September 2021.  Based on Ms. Yeh's unwarranted hostility following my return from
   leave, on July 1, 2021, I complained to Ruth Reyes-Johnson, the Human Resources
19 Administrator for the Radiology Department (herein "Reyes-Johnson"), that I had been the
   victim of hostile treatment and was being retaliated against for taking protected leave.
20 On or about July 12, 2021, I informed Ms. Yeh that I would need to take protected leave for
   hip surgery, which I had previously discussed the need for with Ms. Yeh on March 16, 2021.
21 Despite the protected nature of my leave request, and despite knowing I would be both in
   pain and on pain medication, Ms. Yeh requested that I make efforts to work while on leave.
22 On or about July 20, 2021, I complained to Deitria Chapman, an HR Administrator in the
   Department of Medicine regarding Ms. Yeh's hostile treatment, including that I had been told
23 I would be "performance managed out." Subsequently, the next week, on July 26, 2021, Ms.
24 Yeh presented me with a performance evaluation replete with defamatory statements and
   three years of negative content, none which had ever been discussed with me. When I
25 challenged Ms. Yeh with the fact that the review was hostile and failed to note any of my

26                                      -2-
27
   Date Filed: June 8, 2022
28

accomplishments, Ms. Yeh stated that she did not "need to hear what you did well." In addition to the defamatory and hostile nature of the review, and despite Ms. Yeh documenting years of alleged performance issues, Ms. Yeh had never previously provided a written review to me. Moreover, the metadata found within the properties of the review reflect that Ms. Yeh did not begin writing the review until on July 18, 2021, after I requested leave for her hip surgery.

Continuing Ms. Yeh's efforts to "performance manage" me out of her position, on July 26, 2021, the same day she presented the review, Ms. Yeh informed me that I needed to make a presentation to senior department and hospital leadership two days later at an 8am meeting.  The following morning, Ms. Yeh contacted me and informed me that my presentation might not be on the meeting agenda. That same afternoon, near the close of business, Ms. Yeh altered her position again and informed me that the presentation would be on the agenda. Despite the back and forth and short turnaround, I provided Ms. Yeh with presentation slides later that evening.  Subsequently at 7:04 the next morning, less than one hour before the scheduled presentation, Ms. Yeh requested additional data which I was unable to provide before the meeting. Thereafter, Ms. Yeh emailed me to note that I failed to provide correct data at the meeting and failed to provide the presentation slides in a timely fashion. This email contained untrue statements, in that it stated, "[u]nfortunately, this is not the first instance in which your presentations and analyses tend to be incomplete, contain inaccuracies and leave the listener thinking that items haven't been fully researched or vetted," and failed to provide any single example which supported this assertion.

Following Ms. Yeh's criticism on July 28, 2021, I again complained to Ms. Reyes-Johnson regarding Ms. Yeh's hostility and her expressed efforts to performance manage me to termination. Thereafter, on August 5, 2021, I complained to Stanford's legal counsel in writing regarding Ms. Yeh's retaliatory actions. Thereafter, on August 9, 2021, Stanford wrote me to inform her that Linda Usoz from Employee and Labor Relations would be reaching out to me.

After initially discussing my complaints on or about August 17, 2021, Ms. Usoz did not contact me again for approximately six months. While I began her leave for hip surgery on August 18, 2021, I returned on or about November 1, 2021, and still did not hear back from Ms. Usoz until approximately January 31, 2022, and only after I wrote to remind Ms. Usoz of my complaint and to describe ongoing instance of retaliation she continued to endure.

The additional complaints I mentioned in my January 24, 2022 email to Ms. Usoz included: (1) I did not receive a FY 22 pay increase despite the fact that I did not receive a FY21 performance evaluation and that I had never been placed on a performance improvement plan while employed by Stanford; (2) Ms. Yeh unilaterally stopped meeting with me after December 13, 2021, despite the fact that she continued to meet weekly with other directors and had previously had meetings with me in the three previous years of working together; (3) some of my job duties were being transferred to other staff in the department without communication to me; (4) new staff were hired in my department without my input or knowledge; and (5) despite being encouraged to find a new position, and despite applying to five different positions since May 1, 2021, each and every time I applied for a new position, within days or weeks I would find that my application was listed as "no longer under consideration."

-3-
*Complaint – DFEH No. 202206-17240808*

Date Filed: June 8, 2022

VERIFICATION

I, **Rory C. Quintana**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On June 8, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Francisco, CA**

-4-

*Complaint – DFEH No. 202206-17240808*

Date Filed: June 8, 2022

Form DFEH-ENF 80 RS (Revised 02/22)